UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA

v.                                                                                    10 CR 197-02 (CM)

ANGEL COLON,

        Defendant.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/20

DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

McMahon, C.J.:

      Angel Colon pleaded guilty to conspiring to distribute more than 50 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. (PSR ¶ 9). The Court originally sentenced Colon to 188 months' imprisonment. (Dkt. No. 306). However, the Court reduced Colon's sentence in 2015 to 151 months' imprisonment, based on Amendment 782 to the Sentencing Guidelines (Amendment 782 reduced the offense levels assigned to drug quantities). (Dkt. No. 519). Colon's projected release date is March 30, 2021.

      Before the Court is Colon's motion for compassionate release. He says that he is at risk of a severe outcome if he contracts COVID-19 because he has asthma. The Government opposes Colon's motion claiming that (1) he failed to exhaust his administrative remedies with the Bureau of Prisons, and (2) even if he had exhausted, he does meet the criteria for the requested relief.

      The motion is denied

1

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. Once such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." § 3582 (c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment.

Here, the defendant has failed to exhaust his administrative remedies. Colon claims that he filed a compassionate release motion with the BOP on April 23, 2020. But according to the BOP, Colon has *not* filed a compassionate release request. Colon is presumably referring to his April 23 home confinement request. That document requests "Immediate Home Confinement Placement"; it does not mention compassionate release or 18 U.S.C. § 3582. (*See* Govt. Exhibit B.) Accordingly, the BOP treated it as a request for home confinement under 18 U.S.C. § 3624(c)—and denied the request. (*See* Govt. Exhibit C.) Because the defendant failed to file a compassionate release motion with the BOP, the exhaustion requirement in 18 U.S.C. § 3582(c) has not been satisfied. The Court thus lacks the authority to decide defendant's motion.

While numerous defendants around the country have cited the unusual circumstances presented by COVID-19 as a basis for compassionate release and have argued that the exhaustion requirement should be excused, the vast majority of district courts have rejected that argument.[1] The only court of appeals to have addressed the question has also rejected the argument and required exhaustion. *See United States v. Raia*, __ F.3d __, 2020 WL 1647922, at * (3d Cir. Apr. 2, 2020). In *Raia*, the Third Circuit recognized the serious concerns presented by COVID-19, but held that, in light of these concerns, as well as the BOP's statutory role and its "extensive and professional efforts to curtail the virus's spread, . . . strict compliance with Section 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Id.* at *2. And I agree with my colleague, The Honorable Jesse Furman, who concluded, in *United States v. Roberts*, No. 18-CR-528-5 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020), that compliance with a statutorily imposed exhaustion requirement could not be waived by a court in the absence of the Government's consent.

Even if the defendant had met the requirements for filing, he has not demonstrated that a sentencing reduction is warranted. A defendant's medical condition may justify a sentencing reduction if (a) the defendant has a "terminal illness" or (b) the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a

---

[1] *See United States v. Hernandez*, No. 18 Cr. 834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020); *United States v. Cohen*, No. 18 Cr. 602 (WHP), 2020 WL 1428778, at *1 (S.D.N.Y. Mar. 24, 2020); *United States v. Carver*, No. 19 Cr. 6044, 2020 WL 1604968, at *1 (E.D. Wa. Apr. 1, 2020); *United States v. Clark*, No. 17 Cr. 85 (SDD), 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); *United States v. Williams*, No. 15 Cr. 646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020); *United States v. Garza*, No. 18 Cr. 1745, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020); *United States v. Zywotko*, No. 19 Cr. 113, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020); *United States v. Eberhart*, No. 13 Cr. 313 (PJH), 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *United States v. Gileno*, No. 19 Cr. 161, 2020 WL 1307108, *3 (D. Conn. Mar. 19, 2020). *But see United States v. Perez*, No. 17 Cr. 513 (AT), 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020); *United States v. Colvin*, No. 19 Cr. 179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020). Both *Perez* and *Colvin* relied on *Washington v. Barr*, 925 F.3d 109 (2d Cir. 2019), which as discussed further below, is inapposite because it involves judge-made exhaustion doctrine. These decisions are consistent with the plain language of Section 3582(c).

correctional facility and [is a condition] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A). Defendant claims that he has suffered from asthma since childhood. However, he offers no evidence in support of that claim. Neither his medical records nor his PSR mention asthma, and the PSR states that Colon "does not have a history of health problems, has never been hospitalized and is not taking any medications." (PSR ¶ 78.) Aside from Colon's unsupported claim, there is no indication whatsoever that he actually suffers from asthma.

But even if the Colon had established "extraordinary and compelling circumstances"—which he has not—the sentencing factors set forth at 18 U.S.C. § 3553(a) would weigh against defendant's early release. Colon was an admitted manager-supervisor of a massive narcotics conspiracy, distributing more than 50 kilograms of cocaine— a highly addictive drug that destroys lives, families, and communities. Reducing his sentence on the current record would hardly reflect the seriousness of that offense. In terms of his rehabilitation and the safety of the community if he were released early, Colon has committed multiple disciplinary infractions while in BOP custody, including a brief "escape" earlier this year from a non-secure facility. (*See* Govt. Exhibit A.) In sum, Colon should complete his sentence.

This constitutes the decision and order of the Court.

Dated: August 4, 2020

Colleen McMahon
Chief Judge

BY ECF TO ALL PARTIES